IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,867-01




EX PARTE DANIEL TOLOPKA, II, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CM-06-522-1 IN THE 278TH JUDICIAL DISTRICT COURT
FROM LEON COUNTY



           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years’ imprisonment. The Seventh Court of Appeals affirmed his
conviction. Tolopka v. State, No. 07-08-00008-CR (Tex. App. – Amarillo, January 31, 2010, pet.
dism’d).
            In this application, filed on Applicant’s behalf by his appellate attorney, Applicant contends
that he was denied his right to petition this Court for discretionary review due to an error in
calculating the filing deadline. Appellate counsel filed a PDR on Applicant’s behalf, but it was
apparently mailed on the day after the deadline, and was dismissed by this Court as untimely filed. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant’s appellate counsel mis-calculated the deadline for filing Applicant’s PDR, and as to whether appellate counsel’s error
deprived Applicant of his chance to have the merits of his petition addressed by this Court. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 10, 2010
Do not publish